## REEDER v. TWIN CITY FIRE INS. CO.

### No. 2012.

District Court, S. D. Florida.

Dec. 12, 1933.

Patterson & Knight, of Miami, Fla., for plaintiff.

Batchelor & Rinehart, of Miami, Fla., for defendant.

RITTER, District Judge.

Defendant's amended first plea alleges the failure on the part of the insured and plaintiff, who is the mortgagee in the premises, to furnish proof of loss within sixty days, as prescribed. The policy provides, under the heading of requirements in case of loss, as follows:

"The insured shall, within sixty days after the windstorm, Cyclone or tornado, unless such time is extended in writing by this company, render to this company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following," etc.

It is admitted that the insured made no such proof of loss, nor did the plaintiff. Attached to the policy is the New York standard form of mortgagee clause, which provides:

"Loss or damage, if any, under this policy, shall be payable to C. H. Reeder, as Trustee, mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; Provided, That in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

"Provided also, That the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."

This constitutes a separate and independent contract between the mortgagee and the insurance company. The leading case establishing this, is that of Syndicate Insurance Co. v. Bohn (C. C. A.) 65 F. 165, 27 L. R. A. 614. This case has been so often cited as an authority that no other citations need be made in support of the doctrine. It fixes

both the state and federal rule. Queen Insurance Company v. People's Union Sav. Bank (C. C. A.) 50 F.(2d) 63.

Only the provisions of this standard form can affect the rights of the mortgagee in reference to the insurance company's liability on the policy. It is clear that there are only two obligations imposed on the mortgagee, first that he must on demand pay the premium due when the mortgagee neglects to do so, and, second, shall notify the company of a change of ownership or occupancy or increase of hazard and on demand pay any increased premium by reason of increased hazard, the second being based upon the facts "which shall come to the knowledge of said mortgagee," otherwise the policy "shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property."

The policy makes it the specific duty of the insured to furnish proof of loss within the sixty-day period, as aforesaid. This is a personal obligation. No such provision is found within the mortgagee's contract. It is immaterial whether the obligation is one occurring subsequent to the loss. I can see no distinction between the duties of the insured before or after the loss, as far as the terms being imposed upon the mortgagee under his contract. If the terms of the contract, namely, "shall not be invalidated by any act or neglect of the mortgagor or owner" mean anything at all, they mean whatever act or neglect may be chargeable to the mortgagor and when the policy clearly imposes the proof of loss obligation on the insured or mortgagor, it must be logical reason within the terms of the expression aforesaid. There is good reason for the mortgagee's exemption in this respect. The detailed information required by the provision under the policy, is peculiarly within the knowledge of the insured. There is no duty imposed upon the mortgagee to constantly keep in touch with the property or the mortgagor's obligations, to see that there is a compliance with the policy terms.

Counsel have furnished me with but one case dealing with the situation here presented and I think that case is good law. Germania Fire Ins. Co. v. Barbara Bally, 19 Ariz. 580, 173 P. 1052, 1 A. L. R. 488.

The amended second plea sets up an appraisement attempted between the insurance company and the insured, the mortgagor. By the same reasoning, that cannot be made binding upon the mortgagee.

The additional fifth plea sets up the failure of the insured mortgagor to repair the property damage because that right was denied by the insurance company on the ground of failure to furnish proof of loss. By the same reasoning, that plea is no defense to this cause of action.